UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARION E. HUGHES, on behalf of herself                                          PLAINTIFF
and all other persons similarly situated

v.                                                                CIVIL ACTION NO. 3:07-CV-605-S

UPS SUPPLY CHAIN SOLUTIONS, INC., et al.                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court upon motion of the plaintiff, Marion E. Hughes ("Hughes"), to remand (DN 23), and the cross motions of Hughes and defendants, UPS Supply Chain Solutions, Inc. and United Parcel Service, Inc. (collectively "UPS"), for partial judgment on the pleadings (DNs 13, 16). For the following reasons, the court will grant the motion to remand and deny the motions for judgment on the pleadings as moot.

## BACKGROUND

Hughes, a former UPS employee, filed this action on October 10, 2007, in Jefferson Circuit Court alleging that: (1) UPS discriminated against her in violation of KRS Chapter 344 when UPS failed to accommodate her disability and terminated her employment; and (2) failed to compensate her for time spent passing through a security checkpoint and walking to and from her workstation in violation of KRS Chapter 337.  UPS removed the action to this court based on diversity jurisdiction.  In her Complaint, Hughes purports to assert claims on her own behalf as well as on behalf of all other persons similarly situated.  She seeks "all elements of legal, equitable, and punitive remedies available."  Hughes has moved to remand this action arguing that the amount in controversy does not exceed the sum or value of $75,000.

**DISCUSSION**

A civil action brought in state court may be removed to federal court if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a).[1]

A defendant desiring to remove a case on diversity grounds bears the burden of proving the diversity jurisdiction requirements. *Gafford v. General Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Where, as in this case, a plaintiff seeks an unspecified amount of damages, the defendant must prove that the amount in controversy "more likely than not" exceeds $75,000. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citing *Gafford,* 997 F.2d at 158). While UPS argues that the amount in controversy requirement has been met, it has failed to offer sufficient proof in support of its argument.

**Discrimination Claim**

KRS Chapter 344 allows a plaintiff prevailing on a claim for discrimination to enjoin discriminatory activity and recover damages for back pay, front pay, lost benefits, humiliation and embarrassment, and attorney's fees. KRS 344.450; *Parrigin v. Ptaff Industrial of America, Inc.*, 2006 WL 3759585, *3 (W.D.Ky. Dec. 19, 2006). UPS has proffered the affidavit of Jennie G. Davis, a Human Resources Supervisor with knowledge of Hughes' employment history. Davis' affidavit states that Hughes last worked for UPS in January 2006, and as of that date she was earning $9.60 per hour. Assuming Hughes prevails and is eligible to recover back pay beginning in January 2006, and assuming a work week of forty hours, Hughes' claim for back pay for the ninety-six week period prior to the removal of this action would place $36,864 in controversy.

---

[1] Hughes does not dispute that the matter in controversy in this action is between citizens of different states.

UPS argues that in calculating the amount in controversy, the court should consider the amount of time that this case will take to proceed to trial and the back pay that will accrue during this time. UPS estimates that the case will proceed to trial in one year and, therefore, argues that Hughes would be eligible to receive an additional year's worth of back pay if she prevails. UPS, however, has offered no evidence in support of its estimate. Moreover, the Sixth Circuit requires that "the determination of federal jurisdiction in a diversity case [be] made as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *see also Everett*, 460 F.3d at 822 ("[i]n gauging the amount in controversy, courts view the claims from the vantage point of the time of removal"). Relying on this requirement, the court does not find it proper to take into account any back pay that will accrue during the estimated time it will take for this case to go to trial in calculating the amount in controversy. *See Parrigin*, 2006 WL 3759585, *3 (refusing to include back pay damages that will accrue during the estimated time it will take for case to go to trial when calculating the amount in controversy).

UPS also argues that the court should consider Hughes' entitlement to front pay in calculating the amount in controversy. The court disagrees. Kentucky courts have stated that "[b]ecause an award of front pay is often inherently speculative, the preferred remedy is reinstatement and, if requested, the logical remedy." *Dollar General Partners v. Upchurch*, 214 S.W.3d 910, 920 (Ky.App. 2006). Inasmuch as Hughes seeks "all elements of legal, equitable, and punitive remedies available," the court finds that Hughes has requested reinstatement. Although Kentucky courts have recognized that reinstatement is not a desirable remedy in all circumstances, *see id,* UPS has failed to offer any evidence from which the court could determine that reinstatement is not a viable remedy in this case. Accordingly, the court will not consider front pay in determining whether the amount in controversy has been met. *See Logan v. Value City Department Stores, LLC*, 2008 WL 1914168, *3 (E.D.Mo. April 28, 2008)

(refusing to include front pay damages in amount in controversy calculation when removing defendant failed to prove that reinstatement is impracticable).

UPS notes that Hughes seeks damages for emotional distress and attorney's fees in connection with her discrimination claim. Emotional distress damages and attorney's fees are properly considered in determining whether the amount in controversy has been met. *See Parrigin,* 2006 WL 3759585, *3. UPS, however, has failed to offer any evidence establishing a value for such damages and fees. In the absence of such evidence, it would be entirely speculative to attach a value to Hughes' claims for emotional distress damages and attorney's fees.

**Wage and Hour Claim**

KRS Chapter 337 allows a plaintiff who is not compensated by her employer for performing tasks which are compensable to recover payment for the time spent performing such tasks, liquidated damages, and attorney's fees. KRS 337.385. UPS has offered no evidence regarding the amount of time it took Hughes to pass through the security checkpoint and to walk to and from her workstation. UPS merely assets that because the statute of limitations on Hughes' wage claim is five years, the amount of the claim is "likely not an insignificant sum." This assertion is insufficient to establish a value representing the amount of Hughes' wage claim. UPS also notes that Hughes seeks an injunction to enjoin UPS from continuing to violate KRS Chapter 337. UPS asserts that the cost of complying with the injunction requested by Hughes would likely place the amount in controversy over $75,000. Again, UPS has offered no evidence to support its assertion. UPS's speculation is not sufficient to establish a value representing the cost of complying with an injunction. *See Everett*, 460 F.3d at 829. UPS also offers no evidence establishing a value for attorney's fees incurred by Hughes in connection with her wage and hour claim.

The court finds that UPS has shown that it is more likely than not that an amount of only $36,864 is in controversy in this action, and thus has not met its burden of proving the diversity jurisdiction requirements at this time.

For the above stated reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

(1) Hughes' motion to remand (DN 23) is **GRANTED** and this action is **REMANDED** to Jefferson Circuit Court.

(2) UPS's motion for partial judgment on the pleadings (DN 13) is **DENIED AS MOOT**.

(3) Hughes' motion for partial judgment on the pleadings (DN 16) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**